MAGISTRATE JUDGE O'SULLIVAN

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

07-61548

CIV-UNGARO

JAMES AGATE,

Plaintiff,

vs.

PARK U.S., INC.,
a Florida Corporation, and
JOSH GOLD, an individual,

Defendants.

______________________________/

FILED by INTAKE D.C.
OCT 30 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT FOR DAMAGES

Plaintiff, JAMES AGATE, sues Defendants, PARK U.S., INC. and JOSH GOLD, and shows:

### Introduction

1. This is an action by JAMES AGATE against his former employers for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and 207, as well as the Florida Constitution Article X. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, JAMES AGATE, (hereinafter "AGATE") a resident of Broward County, was at all times material, employed by PARK U.S., INC. as a Valet and was an employee as defined by 29 U.S.C. § 203 (e).

5. Defendant, PARK U.S., INC. (hereinafter, "PARK U.S."), is a Florida Corporation doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206 and 207, in the offices where AGATE was employed.

6. Defendant, JOSH GOLD (hereinafter "GOLD"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant PARK U.S..

7. Defendant GOLD acted and acts directly in the interests of Defendant PARK U.S., in relation to its employees. Thus GOLD was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**Count I – Violation of FLSA by Defendant PARK U.S. – Overtime**

8. Plaintiff, FEJAMES AGATE, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9. Since on or about July 14, 2007 up to and including September 16, 2007, defendant PARK U.S. has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically AGATE, since July 14, 2007, has worked in excess of 40 hours a week every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to AGATE is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if AGATE was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to AGATE.

11. PARK U.S.'s actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and AGATE's status as non-exempt, but chose not to pay him in accordance with the Act.

12. AGATE is entitled pursuant to 29 U.S.C. § 216(b), to recover from PARK U.S.:

a. All unpaid overtime that is due;

b. As liquidated damages, an amount equal to the unpaid overtime owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, JAMES AGATE, prays that this court will grant judgment against defendant PARK U.S.:

a. awarding AGATE payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

b. awarding AGATE an additional equal amount as liquidated damages;

c. awarding AGATE his costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

**Count II –Violation of FLSA by Defendant GOLD – Overtime**

13. Plaintiff, JAMES AGATE, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 4, 6 and 7 above.

14. Since on or about July 14, 2007 up to and including September 16, 2007, defendant GOLD has willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically AGATE, since July 14, 2007, has worked in excess of 40 hours a week every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

15. The failure to pay overtime compensation to AGATE is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if AGATE was exempt, GOLD's actions and/or conduct have effectively removed any exemption that may have applied to AGATE.

16. GOLD's actions were willful and purposeful as he was well aware of the Fair Labor Standards Act and AGATE's status as non-exempt, but chose not to pay him in accordance with the Act.

17. AGATE is entitled pursuant to 29 U.S.C. § 216(b), to recover from GOLD:

a. All unpaid overtime that is due;

b. As liquidated damages, an amount equal to the unpaid overtime owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, JAMES AGATE, prays that this court will grant judgment against defendant GOLD:

a. awarding AGATE payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

b. awarding AGATE an additional equal amount as liquidated damages;

c. awarding AGATE her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

**Count III- Violation of FLSA by PARK U.S. -Minimum Wage**

18. Plaintiff, JAMES AGATE, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 5 above.

19. Virtually every week of AGATE's employment, he worked several hours of time without receiving any compensation whatsoever.

20. PARK U.S.'s failure to pay AGATE violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

21. AGATE is entitled pursuant to 29 U.S.C. § 216(b), to recover from PARK U.S.:

a. A minimum wage;

b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Enter judgment for AGATE and against PARK U.S. on the basis of its willful violations of the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1);

b. Award AGATE actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

c. Award AGATE an equal amount in liquidated damages;

d. Award AGATE reasonable attorneys' fees and costs of suit; and

e. Other such relief as this Court deems just.

**Count IV- Violation of FLSA by GOLD -Minimum Wage**

22. Plaintiff, JAMES AGATE, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 4, and 6 through 7, above.

23. Virtually every week of AGATE's employment, he worked several hours of time without receiving any compensation whatsoever.

24. GOLD's failure to pay AGATE violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

25. AGATE is entitled pursuant to 29 U.S.C. § 216(b), to recover from GOLD:

a. A minimum wage;

b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, AGATE prays that this Honorable Court:

a. Enter judgment for AGATE against GOLD on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1);

b. Award AGATE actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

c. Award AGATE an equal amount in liquidated damages;

d. Award AGATE reasonable attorneys' fees and costs of suit; and

e. Other such relief as this Court deems just.

**Count V-Violation of Florida Constitution Article X Section 24(c) by PARK U.S.- Minimum Wage**

26. Plaintiff, JAMES AGATE, realleges, as if fully set forth in Count V, the allegations of Paragraphs 1 through 5, and 19 through 20 above.

27. AGATE is entitled pursuant to Florida Constitution, Article 10, Section 24(c), to recover from Defendant PARK U.S.:

a. A minimum wage of $6.67 for each hour worked;

b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, AGATE prays that this Honorable Court:

a. Enter judgment for AGATE against Defendant PARK U.S. on the basis of Defendant's willful violations of the Florida Constitution, Article 10, Section 24;

b. Award AGATE actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

c. Award AGATE an equal amount in liquidated damages;

d. Award AGATE reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**Count VI-Violation of Florida Constitution Article X Section 24(c) by GOLD – Minimum Wage**

28. Plaintiff, JAMES AGATE, realleges, as if fully set forth in Count VI, the allegations of Paragraphs 1 through 4, 6, 7 and 23 through 24, above.

29. AGATE is entitled pursuant to Florida Constitution, Article 10, Section 24(c), to recover from GOLD:

a. A minimum wage of $6.67 for each hour worked;

b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, AGATE prays that this Honorable Court:

a. Enter judgment for AGATE against GOLD on the basis of Defendant's willful violations of the Florida Constitution, Article 10, Section 24;

b. Award AGATE actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

c. Award AGATE an equal amount in liquidated damages;

d. Award AGATE reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: October 29, 2007
Plantation, Florida

Respectfully submitted,

Robert S. Norell (Fla. Bar No. 996777)
E-Mail: robnorell@aol.com
ROBERT S. NORELL, P.A.
7350 NW 5th Street
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for JAMES AGATE

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

MAGISTRATE JUDGE O'SULLIVAN

**I. (a) PLAINTIFFS**
JAMES AGATE

**(b)** County of Residence of First Listed Plaintiff BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
ROBERT S. NORELL, P.A.
7350 NW 5TH STREET
PLANTATION, FL 33317. (954) 617-6017

CIV-UNGARO

**DEFENDANTS**
PARK U.S., INC., a Florida Corporation, and JOSH GOLD, an individual

County of Residence of First Listed Defendant BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**07-61548**

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:07cv61548-UU-O'Sullivan

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

FILED by DC INTAKE
OCT 30 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☑ NO
JUDGE
DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:

This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and 207

LENGTH OF TRIAL via 2-3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE

**FOR OFFICE USE ONLY**

AMOUNT 350.00 RECEIPT # IFP

541313